### No. 585

GOFF-KIRBY COAL CO v. EAST O. GAS. CO.

No. 19165. Supreme Court

On motion to certify. Dock. May 23, 1925, 3 Abs. 241.

297. CONTRACT—Parol evidence, allowable where ambiguity does not exist—Can court reform instead of construing contract under circumstances?

Prior to April 1, 1905, the Cleveland Gas Light & Coal Co. was a local public service corporation which produced artificial gas for inhabitants of Cleveland. It also dealt largely in coke which was a by-product in its manufacture of coal gas.

Before April 1, 1905 the Goff-Kirby Co. was a purchaser of coke in such quantities as "we have to spare from our regular customers" or "the entire surplus". But on April 1, 1905, both companies entered into a contract whereby the Gas Company was to sell and the Coal Co. to buy "the entire production of gas coke made by the Gas Company for ten years from date", at a base price of $2.25 per ton". The Coal

Co. agreed that it would take and pay at the agreed rate per ton; "all quantities of coke produced by Gas Co., namely, coarse nut, pea, and dust."

In 1907 a consolidation was effected by which a merger between the Cleveland Gas Light & Coal Co. and the East Ohio Gas Co. took place. This Company continued the manufacture of coal gas until 1911 when it ceased entirely. Water gas and natural gas completely supplanted coal gas so that no more gas coke was produced from June 28, 1911 on, leaving incomplete four years of the ten-year contract.

The Goff-Kirby Coal Co. brought its action in the Cuyahoga Common Pleas in January, 1919, three breaches being alleged. (1) that the Gas Company had wrongfully used and withheld from the Coal Co. large quantities of coke produced during term of contract; (2) that the Gas Company had agreed to use first class Younghiogeny coal in making gas coke, but had failed to do so, whereby most of the coke delivered was of the pea and dust grades, but which the Coal Co. had to take at contract price, resulting in damage and loss; (3) that Gas Co. failed to produce and deliver coke for a period ten years from April 1, 1905, by reason of which breach the Coal Co. suffered large loss of profits.

The judgment in the Common Pleas was in favor of the Gas Co., and on prosecution of error, was affirmed by the Court of Appeals. The case is taken to the Supreme Court by the Coal Co. where it is contended that the Gas Co. could not consult merely its own profit and advantage in determining to cease production of coke. It is claimed o nthe other hand, that the contract of the Gas Co. to sell the "entire production", meant only that such production would be sold if any was produced, and the cessation of production was a matter for the manufacturer alone to determine, but without fraud and bad faith.

It is claimed by the Coal Co. that the con-words "entire production". That by this use was meant all the coke which the Gas Co. made in its process of gas manufacture out of the coal which it carbonized. It is claimed that the language of the contract was clear, unequivocal, and unambiguous; and that such a contract will be enforced no matter how harsh such operation may seem to one of the parties, and relief will not be given by judicial construction. It is said that an omission or a mistake is not an ambiguity. Parol evidence under that guise of a claimed latent ambiguity, is not permissible to vary, add to, or contradict the plainly expressed terms of this writing, or to substitute a different contract for it to show an intention or purpose not therein expressed. Extraneous evidence is not allowable to interpret a writing which has no need of interpretation.

It is claimed that the court erred in proceeding upon the theory that the words "entire production" meant and was understood to be "entire production of surplus coke." The ruling of the court below practically inserted the words surplus in the contract, thus reforming instead of construing it.

Attorneys—Boyd, Cannon, Brooks & Wickham for Goff-Kirby Co.; Tolles, Hogsett, Ginn, & Morely for East Ohio Gas Co., all of Cleveland.