## STATE SUPREME COURT—Continued

& Loan Ass'n. Motion for Cuyahoga Appeals to certify. Voluntarily dismissed. Dock. 5-21-25, 3 Abs. 341.

19165—Goff-Kirby Coal Co. v. East Ohio Gas Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5-21-25, 3 Abs. 341; OS. Pend. 3 Abs. 404.

19166—William H. Maddex et al v. Lucy Columber. Motion for Hardin Appeals to certify. Allowed. Dock. 5-26-25, 3 Abs. 359; OA. 3 Abs. 356.

19167—George Weintz v. Lake Shore Banking & Trust Co. et al. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5-26-25, 3 Abs. 359.

19168—Anna E. Mettling v. Globe Indemnity Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5-27-25, 3 Abs. 359.

19170—Daisy Getz, Admx. v. Wilkins-Leonard Hardware Co. Motion for Mahoning Appeals to certify. Overruled. Dock. 5-27-25, 3 Abs. 359; OA. 2 Abs. 472.

19173—Columbus Ry. Power & Light Co. v. Margaret Thomas, an infant, etc. Motion for Franklin Appeals to certify. Overruled. Dock. 5-28-25, 3 Abs. 359; OA. 3 Abs. 308.

19175—Minnie Nicholas v. Reeves Mfg. Co. Motion for Tuscarawas Appeals to certify. Overruled. Dock. 5-28-25, 3 Abs. 359.

19176—Louis Leagich v. Andi Melniczyn et al. Motion for Lorain Appeals to certify. Overruled. Dock. 5-29-25, 3 Abs. 359; OS. Pend. 3 Abs. 419.

19177—Mike Popovitch v. State of Ohio. Motion for Tuscarawas Appeals to certify. Overruled. Dock. 5-29-25, 3 Abs. 359.

19178—Sadie Burke v. Dolbert M. Bader. Motion for Cuyahoga Appeals to certify. Allowed. Dock. 5-29-25, 3 Abs. 359.

19180—Ed. List v. Burley Tobacco Growers Co.-op. Ass'n. Motion for Brown Appeals to certify. Allowed. Dock. 6-1-25, 3 Abs. 359.

19181—J. P. O'Connell v. Ella O'Connell. Motion for Allen Appeals to certify. Overruled. Dock. 6-1-25, 3 Abs. 359.

19182—Wallace S. Chase v. Agnes S. Chase. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 6-1-25, 3 Abs. 359.

19182—Wallace S. Chase v. Agnes S. Chase. Motion by deft. to strike from files and dismiss motion to certify. Overruled. Dock. 6-1-25, 3 Abs. 359.

19232—Leo E. Donnelly Co. v. Joseph Bernatowitz. Motion for Lorain Appeals to certify. Motion striken from files as filed out of rule and briefs not filed as required. Dock.

## Weekly Abstract of PENDING CASES

### No. 601
### METTLING v. GLOBE IND. CO.
### No. 19168.  Supreme Court
On motion to certify. Dock. May 27, 1925; 3 Abs. 359.

647. INSURANCE—Upon whom lies the burden of properly classifying occupation, insurer or insured?

940. POWERS—Has Court of Appeals right to enter final judgment in case where ultimate facts are in dispute?

On Nov. 15, 1919 the Globe Indemnity Co. issued an accident policy for $20 to Clarence Mettling, who was superintendent and service manager of the Studebaker Sales Co. Before the expiration of a year, Mettling changed his position to that of Yachting Secretary of the Cleveland Yacht Club, and while in performance of his new duties was reinsured by the issuance of a "renewal certificate" for payment of another $20 premium for the following year.

On Jan. 21, 1921, Mettling was killed in the performance of his duties as Yachting Secretary and his wife, Anna Mettling, presented her claim for the capital sum provided by the Insurance contract, to wit:—$5000; but the Indemnity Co. refused to pay and offered her $1000 which was refused.

Mrs. Mettling brought action in the Cuyahoga Common Pleas. The Company filed an answer to her petition and set forth that when policy was originally issued, Mettling was employed by the Studebaker Sales Co.; that Mettling at the time he received his injuries was doing an act pertaining to the occupation of a laborer, which was classified more hazardous than the one stated in the policy. Mrs. Mettling claimed that the company issued a renewal contract after the change in occupation, the renewal certificate being delivered to Clarence Mettling at the Yacht Club, and denied that he was engaged in the occupations of a laborer. The issue raised by the pleadings was whether when Mettling was killed he was performing his duties as Yachting Secretary.

A verdict for $5700 was returned by the jury in favor of Mrs. Mettling. Error was prosecuted and the Court of Appeals, by a divided court, reversed the judgment of the lower court because of alleged error in the admission of testimony, and that the judgment was contrary to law. Upon rehearing final judgment was entered in favor of the company, with the Court again divided.

The case is taken to the Supreme Court, and there it is contended that:—

Mettling while directing the dislodgment and taking away of temporary piles was struck by one of them. It is clear from the record that one of Mettling's duties was to take care of the docks used by yachts and that he was performing this duty when the accident occurred.

It is claimed that although the company alleged that the decedent, at the time of his death, was doing an act classified by the Company as more hazardous than the occupation he was insured, the Company introduced no evidence to that effect. "The burden of proof is on the insurer to prove the breach of an affirmative or promissory warranty."

It is said that, if an Indemnity Company knew at the time of the issuance of the policy that the insured was engaged in an occupation prohibited by the policy, without special permission of the company, it was a waiver of the prohibition as to such occupation.

The Court of Appeals in its opinion, made the following observation:  "The insurance company would have the right to assume the word "Secretary" was used in its ordinary use of the term, and if the insured wished to have it express more than words ordinarily meant, it was his duty to have communicated to the insurance company so they could have determined whether they would take that extra